UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

MARIO DANGER CALAS, on behalf of himself
and others similarly situated,

    Plaintiff,

    v.

WOOD'S STATION, INC., a Florida Corporation,
and FRANCISCO VALVERDE, individually,

    Defendants.
_____/

## **COMPLAINT**

1.      Plaintiff, MARIO DANGER CALAS (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2.      At all times material to this Complaint, Defendants, WOOD'S STATION, INC., a Florida Corporation, and FRANCISCO VALVERDE, individually (collectively referred to as "Defendants"), have owned and operated a gas station business with approximately Five (5) gas stations throughout Miami-Dade County, Florida including Exxon/Mobil and Chevron stations, with Defendants' principal addresses at 13190 SW 120 Street, Miami, Florida 33186 and 12795 SW 137 Avenue Miami, Florida 33186 in Miami-Dade County, Florida, within the jurisdiction of the Court.

3.      Defendant, FRANCISCO VALVERDE, at all times material to this Complaint has owned and managed WOOD'S STATION, INC., and Defendant VALVERDE has regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other

employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of WOOD'S STATION, INC.  By virtue of such control and authority, Defendant VALVERDE is an employer of Plaintiff and the other employees of WOOD'S STATION, INC. similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

4.      Plaintiff brings this action on behalf of himself and other current and former non-exempt employees of Defendants similarly situated to him, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5.      Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6.      All of the events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

7.      At all times material to this Complaint including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021, Defendant, WOOD'S STATION, INC., has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.  In this regard, Plaintiff alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2018, 2019, 2020, and 2021, Defendant, WOOD'S STATION, INC., has employed two (2) or more employees who, *inter alia*, regularly: (a) handled, worked with, and sold gasoline that constitutes a good and/or material moved in or produced for commerce; (b) handled, worked with, and sold convenience store products such as deli and other food, car products (such as wipers), dishwashing soap, tools such as screwdrivers, and beverages including

2

Coca-Cola, Sprite, Pepsi, Gatorade, beer, and wine, all of which were goods and/or materials moved in or produced for commerce; and (c) processed credit, debit, and/or electronic payments by and for Defendants' customers through banks and/or merchant services companies including but not limited to VISA and Mastercard.

8.      Based upon information and belief, the annual gross sales volume of Defendant, WOOD'S STATION, INC., was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021.

9.      At all times material to this Complaint, including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021, Defendant, WOOD'S STATION, INC., has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10.     During the three (3) year statute of limitations period between approximately November 2018 and September 2021, Plaintiff performed non-exempt manual labor as a clerk for Defendants' gas station business in Miami-Dade County, with Plaintiff's primary job duties consisting of running the cash register, refilling the coolers in the store, and working with the car wash.

11.     Throughout Plaintiff's employment with Defendants during the three (3) year statute of limitations period between approximately November 2018 and September 2021, Plaintiff regularly worked in excess of Forty (40) hours per week and Defendants paid Plaintiff based upon regular rates between approximately $9.00 per hour and $11.00 per hour but Defendants failed to pay Plaintiff time and one-half wages for the full extent of all of Plaintiff's actual overtime hours worked each week.

12.     Likewise, the other employees of Defendants who are similarly situated to Plaintiff

regularly worked as non-exempt gas station employees, however variously titled, in excess of Forty (40) hours in one or more work weeks during their employment with Defendants within the three (3) year statute of limitations period between November 2018 and the present.

13.     However, Defendants also failed to pay time and one-half wages for all of the actual overtime hours worked by the other non-exempt employees, however variously titled, similarly situated to Plaintiff for all of their actual overtime hours worked within the three (3) year statute of limitations period between November 2018 and the present.

14.     The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees, however variously titled, who worked for Defendants in one or more weeks between November 2018 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants at any locations.

15.     During the three (3) year statute of limitations period between approximately November 2018 and September 2021, Plaintiff regularly worked as many as Six (6) to Seven (7) days per week with hours across shifts that ranged between approximately 6:00 a.m. to 2:00 p.m. and 2:00 p.m. to 10:00 p.m. while often working an extra, i.e., second shift the next morning, regularly working between approximately Forty-Eight (48) and Sixty-Four (64) hours per week.

16.     Subject to discovery, based upon Defendants having failed to pay Plaintiff for a total of approximately Three Hundred and Seventy (370) overtime hours during the three (3) year statute of limitations period between November 2018 and September 2021, Plaintiff's unpaid overtime wages total between approximately **$4,995.00** and **$6,105.00** [($13.50/hour-$16.50/hour x 370 Unpaid OT hours/week = $4,995.00 to $6,105.00].

17.     Based upon information and belief, while records of some of the hours worked by

Plaintiff and the other similarly situated employees during the three (3) year statute of limitations period between November 2018 and the present are in Defendants' possession, custody, and control from handwritten time sheets that were filled out, Defendants have failed to maintain accurate records of all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated non-exempt employees, however variously titled, during each week between approximately November 2018 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

18.    At all times material to this Complaint, Defendants had knowledge of the hours worked by Plaintiff and other similarly situated employees, however variously titled, in excess of Forty (40) hours per week during the three (3) year statute of limitations period between approximately November 2018 and the present, but Defendants nonetheless willfully failed to compensate Plaintiff and the others similarly situated to him at time and one-half their applicable regular rates of pay for all of their overtime hours worked for Defendants, with Defendants instead accepting the benefits of the work performed by Plaintiff and the other employees without paying all of the time and one-half overtime compensation required by the FLSA, 29 U.S.C. §207.

19.    The complete records reflecting the compensation paid by Defendants to Plaintiff and all other similarly situated non-exempt employees, however variously titled, at during the three (3) year statute of limitations period between approximately November 2018 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

20.    Plaintiff, MARIO DANGER CALAS, readopts and realleges the allegations contained in Paragraphs 1 through 19 above.

21.    Plaintiff is entitled to be paid time and one-half of his applicable regular rate of pay

for each hour he worked for Defendants as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately November 2018 and September 2021.

22.    All similarly situated non-exempt employees, however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between approximately November 2018 and the present.

23.    Defendants knowingly and willfully failed to pay Plaintiff and the other non-exempt employees, however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week in numerous work weeks within the three (3) year statute of limitations period between approximately November 2018 and the present.

24.    At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and other non-exempt employees, however variously titled, with time and one-half wages for all of their actual overtime hours worked between approximately November 2018 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that Defendants knew had been worked for the benefit of Defendants.

25.    By reason of the said intentional, willful, and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus

incurring costs and reasonable attorneys' fees.

26.     Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated non-exempt employees, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

27.     Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

28.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, MARIO DANGER CALAS and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, WOOD'S STATION, INC., and FRANCISCO VALVERDE, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  November 17, 2021                    Respectfully submitted,

By:     **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Fax:  (561) 288-9031
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1.       I consent to be a party plaintiff in a lawsuit against Defendants, **Wood's Station, Inc. and Francisco Valverde**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.       I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims.  I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3.       I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

Mario Danger (Oct 14, 2021 17:01 EDT)

**Mario Danger Calas**