**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No: 1:21-cv-24031-JB

MARIO DANGER CALAS, on behalf of
himself and others similarly situated,

Plaintiff,

v.

WOOD'S STATION, INC., a Florida
Corporation, and FRANCISCO
VALVERDE, individually,

Defendants.
______________________________________/

**ORDER MEMORIALIZING**
**THE APPROVAL OF FLSA SETTLEMENT AND CLOSING CASE**

THIS CAUSE came before the Court following the Parties' Notice and Consent to Proceed Before a United States Magistrate Judge, wherein the Parties elected to proceed before the undersigned. ECF No. [10]. The Honorable Paul C. Huck, United States District Judge, referred this matter to the undersigned for all further proceedings. ECF No. [12]. The Parties filed a Notice of Settlement and Request for Telephonic Approval Hearing. ECF No. [11]. The undersigned held a Telephonic Approval Hearing on December 20, 2021, and for the reasons stated at the hearing and below, hereby APPROVES the settlement and orders the Clerk to CLOSE the case.

On November 17, 2021, a Complaint was filed against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). ECF No. [1]. The FLSA requires judicial review and the Court's determination that the settlement agreement "is a fair and reasonable resolution of a bona fide [FLSA] dispute[.]" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). If the settlement reflects a reasonable compromise over FLSA issues that are in

dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The following factors are typically considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, No. 10-1805, 2012 WL 570060, at *2 (M.D. Fla. Feb. 17, 2012) (citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. Apr. 19, 2010).

The Court's review also includes a "review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva*, 307 F. App'x at 351. In evaluating the reasonableness of the proposed attorneys' fee recovery, the Court should also consider the possible range of the Plaintiff's recovery as compared to the extent of success in obtaining the maximum recovery and whether that extent of success justifies the amount of counsel's fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983); *Dees*, 706 F. Supp. 2d at 1241, 1243.

Here, during the hearing on the matter, counsel provided the Court with the material terms to the settlement entered into by the Parties. For the reasons stated on the record, the undersigned concludes that the resolution reached, including as to attorneys' fees and costs, is a fair and reasonable compromise of the Plaintiff's FLSA claims.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that the Parties' Settlement Agreement is **APPROVED**. It is further

**ORDERED AND ADJUDGED** that the Clerk of Court shall close this case. It is further

**ORDERED AND ADJUDGED** that this matter is hereby dismissed with prejudice and all pending motions are denied as moot.

The Clerk of the Court is instructed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers in Miami, Florida on December 20, 2021.

**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**